## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD E. CLARK, | : | CIVIL NO: 1:20-CV-01240 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| C.O. JONES, *et al*., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER
December 4, 2020

## I.  Introduction.

The plaintiff, Donald E. Clark, asserts claims under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights.  After screening Clark's complaint in accordance with 28 U.S.C. § 1915A, we conclude that the complaint fails to state a claim upon which relief can be granted.  We will, however, grant Clark leave to file an amended complaint.

## II.  Background.

Clark filed the instant complaint on July 20, 2020, *pro se,* and on July 29, 2020, he filed an application to proceed *in forma pauperis*, which we subsequently granted.  In his complaint, Clark names as defendants: (1) C.O. Jones, a correctional officer at the State Correctional Institution Benner Township ("SCI

Benner"); (2) Sgt. J.A. Baumgardner, a sergeant at SCI Benner; (3) the Medical Department at SCI Benner; and (4) Nurse Dave Staja, a nurse at SCI Benner.

Clark alleges that on January 15, 2020, the rubber on the bottom of his cane got stuck under his cell door and he fell down hard. According to Clark, this is the second time this has occurred. Clark alleges that when Jones and Baumgardner lifted him up, they jerked him twice to get him on his feet, causing him pain. Nurse Staja took him to the medical department in a wheelchair. Two weeks later, x-rays were taken. Clark alleges that he rebroke his arm and hand, and twisted his back, legs, and neck. According to Clark, he was not given any medication. Clark requests that the court provide a remedy it thinks is fair.

After Clark filed the complaint, he sent several letters to the court expressing concerns about his life. On August 20, 2020, we issued an order stating that no action would be taken on Clark's letters as they did not conform with Fed. R. Civ. P. 7(b).

For the reasons set forth below, we conclude that the complaint fails to state a claim upon which relief can be granted. Although Clark fails to state a claim upon which relief can be granted, we will grant Clark leave to file an amended complaint.

## III.  Screening of *In Forma Pauperis* Complaints—Standard of Review.

This court has a statutory obligation to conduct a preliminary review of complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials.  Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.**  The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.**  On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint
>     **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A(b)(1), the court must assess whether a complaint "fails to state a claim upon which relief may be granted."  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true,

construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and

4

construe the complaint in the light most favorable to the nonmoving party.'"
*Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v.
Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)).  But a court "need not credit a
complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch.
Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).  A court also need not "assume that a . . .
plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen.
Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526
(1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more
than mere legal labels and conclusions.  Rather, it must recite factual allegations
sufficient to raise the plaintiff's claimed right to relief beyond the level of mere
speculation.  In practice, consideration of the legal sufficiency of a complaint
entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff
> must plead to state a claim."  Second, the court should identify
> allegations that, "because they are no more than conclusions,
> are not entitled to the assumption of truth."  Finally, "where
> there are well-pleaded factual allegations, a court should
> assume their veracity and then determine whether they
> plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and
citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

5

A complaint filed by a *pro se* litigant is to be liberally construed and

"'however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v.*

*Gamble,* 429 U.S. 97, 106 (1976)).  Nevertheless, "pro se litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina,*

*Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).


## IV.  Discussion.

Clark brings 42 U.S.C. §1983 claims for violations of the Eighth

Amendment.  "Section 1983 imposes civil liability upon any person who, acting

under the color of state law, deprives another individual of any rights, privileges,

or immunities secured by the Constitution or laws of the United States." *Shuman v.*

*Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005).  Section 1983 "does

not create any new substantive rights but instead provides a remedy for the

violation of a federal constitutional or statutory right." *Id.*  To establish a claim

under § 1983, the plaintiff must establish a deprivation of a federally protected

right and that this deprivation was committed by a person acting under color of

state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).  For

the following reasons, Clark's complaint fails to state a 42 U.S.C. § 1983 claim

upon which relief can be granted.

**A.  The Medical Department at SCI-Benner is not a proper defendant.**

Clark names the Medical Department at SCI Benner as a defendant.  But the Medical Department is not a "person" as that term is used in § 1983. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (per curiam) (holding that the New Jersey Prison Medical Department may not be sued under § 1983 since it is not a person). Thus, the Medical Department is not a proper defendant.

**B.  The complaint fails to state an Eighth Amendment medical claim upon which relief can be granted.**

We construe Clark's complaint as raising an Eighth Amendment medical claim.  Clark's complaint fails, however, to state an Eighth Amendment medical claim upon which relief can be granted.

"An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  For a plaintiff to allege a viable Eighth Amendment medical claim, he must allege facts from which it can reasonably be inferred that the defendant acted with deliberate indifference to his serious medical needs. *Id.* at 104; *see also Groman v. Township of Manalapan,* 47 F.3d 628, 637 (3d Cir. 1995) ("Failure to provide medical care to a person in custody can rise to the level of a constitutional violation under § 1983 only if that failure rises to the level of deliberate indifference to that person's serious medical needs.").  This is a two-part

7

inquiry: "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Here, because Clark alleges that he rebroke his arm and hand, and twisted his back, legs, and neck, he has sufficiently pleaded that he had a serious medical need. But he has failed to plead facts from which it can reasonably be inferred that the defendants acted with deliberate indifference to his serious medical need.

Deliberate indifference is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009). To act with deliberate indifference, the prison official must have known of the substantial risk of serious harm and must have disregarded that risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as a constitutional claim because medical malpractice is not a constitutional violation. *See Farmer,* 511 U.S.

8

at 835 (holding that "deliberate indifference describes a state of mind more blameworthy than negligence"); *Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir. 2004) ("Allegations of medical malpractice are not sufficient to establish a Constitutional violation."); *Singletary v. Pa. Dep't of Corr.,* 266 F.3d 186, 192 n. 2 (3d Cir. 2002) (claims of medical malpractice, absent evidence of a culpable state of mind, do not constitute deliberate indifference under the Eighth Amendment). Instead, deliberate indifference represents a much higher standard, one that requires "obduracy and wantonness, which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse,* 182 F.3d at 197 (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)).

"Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll,* 991 F.2d 64, 67 (3d Cir. 1993) (citations omitted). And courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment." *Palakovic v. Wetzel*, 854 F.3d 209, 228 (3d Cir. 2017) (quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). "Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim." *Caldwell v. Luzerne Cnty. Corr. Facility Mgmt. Employees*, 732 F. Supp. 2d 458, 472 (M.D. Pa. 2010).

Thus, "[w]here a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners." *Palakovic*, 854 F.3d at 227. "Nonetheless, there are circumstances in which some care is provided yet it is insufficient to satisfy constitutional requirements." *Id.*

The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse,* 182 F.3d at 197. The Third Circuit has also held that "[n]eedless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, . . . violates the Eighth Amendment." *Atkinson v. Taylor,* 316 F.3d 257, 266 (3d Cir. 2003). "For instance, prison officials may not, with deliberate indifference to the serious medical needs of the inmate, opt for 'an easier and less efficacious treatment' of the inmate's condition." *Palakovic*, 854 F.3d at 228 (quoting *West v. Keve*, 571 F.2d 158, 162 (3d Cir. 1978)). "Nor may 'prison authorities deny reasonable requests for medical treatment . . . [when] such denial exposes the inmate to undue suffering or the threat of tangible residual injury.'" *Id*. (quoting *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)). Thus, "[a] 'failure to provide adequate care . . .

10

[that] was deliberate, and motivated by non-medical factors' is actionable under the Eighth Amendment, but 'inadequate care [that] was a result of an error in medical judgment' is not." *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (quoting *Durmer,* 991 F.2d at 69).

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. Thus, respondeat superior cannot form the basis of liability. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018). In other words, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Here, the only individual defendant that is a medical professional is Nurse Staja, and the only fact that Clark alleges regarding Nurse Staja is that he took him to the medical department in a wheelchair. Clark also alleges that he received x-rays two weeks after the incident, but he received no medication. Clark does not, however, allege facts from which it could reasonably be inferred that Nurse Staja was personally involved in his treatment after taking him to the medical department or that Nurse Staja was personally involved in not providing him medication. In sum, Clark has failed to allege that Nurse Staja was deliberately indifferent to his serious medical needs. Accordingly, the complaint fails to state

11

an Eighth Amendment medical claim upon which relief can be granted against Nurse Staja.

The complaint also fails to state an Eighth Amendment medical claim against defendants Baumgardner or Jones. The only fact that Clark alleges regarding Baumgardner and Jones is that they jerked him to his feet after he fell. Clark does not allege any facts from which it could reasonably be inferred that Baumgardner or Jones had any involvement in, or responsibility for, his medical care. Accordingly, the complaint fails to state an Eighth Amendment medical claim against Baumgardner or Jones upon which relief can be granted.

### C.  The complaint fails to state an Eighth Amendment excessive force claim upon which relief can be granted.

We construe Clark's complaint as asserting an Eighth Amendment excessive force claim against Baumgardner and Jones based on his allegation that they jerked him when they picked him up from the ground. The complaint fails, however, to state an excessive force claim upon which relief can be granted.

When prison officials are accused of using excessive force in violation of the Eighth Amendment, the inquiry "is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). There are several considerations that a court must examine in determining whether a correctional

12

officer has used excessive force, including: "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

Not "every malevolent touch by a prison guard" violates the Constitution. *Hudson,* 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* (quoting *Whitley,* 475 U.S. at 327). Thus, "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). The extent of injury suffered is a consideration that may be relevant to determining if the force could have plausibly been thought necessary. *Id.* at 37. "The extent of injury may also provide some indication of the amount of force applied." *Id.* But to establish an excessive force claim, an inmate does not need to show that he suffered a significant, or even a more than *de minimis*, injury. *Id.* Rather, the central issue is the force used by the officer, not the

injury caused by the officer. *Flood v. Schaefer*, 439 F. App'x 179, 182 (3d Cir. 2011).

Based on Clark's allegations, Baumgardner and Jones used force to lift him from the ground after he fell.  Clark does not allege that force was unnecessary to lift him after he fell.  And although Clark alleges that Baumgardner and Jones jerked him when lifting him, he does not allege facts from which it can reasonably be inferred that the amount of force used was unnecessary or unreasonable. Further, Clark does not allege that the act of jerking him to his feet (as opposed to his original fall) caused him an injury.  In sum, Clark does not allege facts that show that Baumgardner or Jones used force against him maliciously or sadistically to cause him harm.  Therefore, Clark's complaint fails to state an Eighth Amendment excessive force claim upon which relief can be granted.

## V.  Leave to Amend.

Before dismissing a complaint under the screening provision of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002).  Here, considering the liberal-amendment standard, although this screening analysis calls for dismissal of the complaint, Clark should be granted a final opportunity to comply with the requirements of

Fed. R. Civ. P. 8 and attempt to state a claim upon which relief can granted.  Thus,

we will grant Clark leave to file an amended complaint.[1]  But Clark may not name

the Medical Department as a defendant in any amended complaint because the

Medical Department cannot be a proper defendant as to a 42 U.S.C § 1983 claim.


## VI.  Conclusion.

For the foregoing reasons, **IT IS ORDERED** that Clark is granted leave to

file, within 28 days of the date of this Order, an amended complaint in accordance

---

[1]  Any amended complaint must be titled as an amended complaint and must
contain the docket number of this case. Fed. R. Civ. P. 10(a).  "The plaintiff is
advised that any amended complaint must be complete in all respects." *Young v.
Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  "It must be a new pleading
which stands by itself as an adequate complaint without reference to the complaint
already filed." *Id*.  "In general, an amended pleading supersedes the original
pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*,
938 F.3d 69, 82 (3d Cir. 2019).  "Thus, the most recently filed amended complaint
becomes the operative pleading." *Id*.  In other words, if an amended complaint is
filed, the original complaint will have no role in the future litigation of this case.
Any amended complaint must also comply with the pleading requirements of the
Federal Rules of Civil Procedure, including the requirements that the complaint
contain "a short and plain statement of the grounds for the court's jurisdiction," "a
short and plain statement of the claim," and "a demand for the relief sought." Fed.
R. Civ. P. 8(a)(1)–(3).  Further, "[e]ach allegation must be simple, concise, and
direct." Fed. R. Civ. P. 8(d)(1).  "A party must state its claims or defenses in
numbered paragraphs, each limited as far as practicable to a single set of
circumstances." Fed. R. Civ. P. 10(b).  And to the extent it would promote clarity
to do so, "each claim founded on a separate transaction or occurrence . . . must be
stated in a separate count." *Id*.

with this Order.  If Clark fails to file an amended complaint, we will recommend

that the case be dismissed.

<div align="center" style="margin-left:40%">

***<u>S/Susan E. Schwab</u>***
Susan E. Schwab
Chief United States Magistrate Judge

</div>